UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X Docket No.:
BORIS LOJA, Individually and on BEHALF OF
ALL OTHER COLLECTIVE PERSONS
SIMILARLY SITUATED,

                                                   **COMPLAINT**

                         Plaintiff(s),

      -against-                               **Demand for Trial by Jury**

F.C.I. TOTAL HOMES, INC., FRANZOSO
CONTRACTING, INC., MARK FRANZOSO as an
Individual, and JOHN MANDARA as an Individual,

                         Defendants.

------------------------------------------------------------------X

      Plaintiff, **BORIS LOJA**, on behalf of himself and all other collective persons similarly situated including current and former employees of the Defendants (hereinafter, "FLSA Collective Plaintiffs" and collectively with Plaintiffs, the "Plaintiffs"), by and through their undersigned attorneys, as and for their Complaint against Defendants, **F.C.I. TOTAL HOMES, INC., FRANZOSO CONTRACTING, INC., MARK FRANZOSO** and **JOHN MANDARA**, (each individually "Defendant" or collectively "Defendants"), do hereby allege and state as follows:

## NATURE OF THE ACTION

1.       Plaintiff, **BORIS LOJA**, brings this action on behalf of himself and all other collective persons similarly situated, pursuant to, *inter alia*, the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. §201 *et seq.* in order to remedy Defendants' wrongful withholding of Plaintiff's lawfully earned wages and overtime compensation, as well as the New York State Labor Law ("NYLL") §§190 and 650 *et seq.,* as well as the supporting New York State Department of Labor Regulations for violations of overtime compensation requirements,

and failure of Defendants to comply with notice and record-keeping requirements.

2. Plaintiffs seek compensatory and punitive damages, attorneys' fees, and other appropriate relief under FLSA, and the NYLL.

3. Defendants' conduct extended beyond Plaintiff **BORIS LOJA** to all other similarly situated employees.

4. Plaintiff, **BORIS LOJA**, seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. §216(b) and New York Civil Practice Law & Rules ("NY CPLR") §901.

## SUMMARY

5. Plaintiff, **BORIS LOJA**, was employed by Defendants, **F.C.I. TOTAL HOMES, INC.**, **FRANZOSO CONTRACTING, INC.**, **MARK FRANZOSO** and **JOHN MANDARA**.

6. Plaintiff, **BORIS LOJA**, worked for Defendants **F.C.I. TOTAL HOMES, INC.**, **FRANZOSO CONTRACTING, INC.**, **MARK FRANZOSO**, and **JOHN MANDARA** as an assistant laborer, laborer, and construction worker at various sites and locations as required for various construction, renovation, or demolition jobs for which Defendants were contracted, from on or about spring of 2013 until September 26, 2020.

7. At all times relevant to this Complaint, Plaintiff worked for Defendants in excess of forty (40) hours per week without receiving the appropriate compensation for overtime hours worked beyond forty (40) hours as required by federal and state law. Defendant **MARK FRANZOSO** was the owner, officer and proprietor of Defendants **F.C.I. TOTAL HOMES, INC.**, and **FRANZOSO CONTRACTING, INC.**, and Defendant **JOHN MANDARA** was a

manager and supervisor of Defendants **F.C.I. TOTAL HOMES, INC.**, and **FRANZOSO CONTRACTING, INC.**

8. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs and other similarly situated employees to work in excess of forty (40) hours per week without providing them with appropriate overtime compensation required by State and Federal law and regulations.

9. As a result of Defendants' actions, Plaintiffs have suffered great hardship and damages and are entitled to recovery of back wages, front wages, liquidated damages, damages for emotional distress, punitive damages, attorney's fees, costs, and other such damages of an amount to be determined at trial.

## JURISDICTION AND VENUE

10. The Court has original, federal question jurisdiction over this controversy under 29 U.S.C. §216 (b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over the New York State Labor Law claims pursuant to 28 U.S.C. §1367 (a)

11. Venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §§ 1391 (b) (c), because Defendants reside in and conduct business in this District, and because the acts and omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

12. Plaintiff, **BORIS LOJA**, is a resident of the County of Westchester, State of New York.

13. Defendant, **F.C.I. TOTAL HOMES, INC.** was, at all relevant times herein, a domestic corporation duly organized and existing under the laws of the state of New York with its

principal place of business located at 33 Croton Point Avenue Croton on Hudson, New York 10520.

14. Defendant, **F.C.I. TOTAL HOMES, INC.**, expected or should reasonably have expected its acts and business activities to have consequences within the State of New York.

15. At all times mentioned herein, Defendant, **F.C.I. TOTAL HOMES, INC.**, does and/or solicits business within the State of New York.

16. At all times mentioned herein, Defendant, **F.C.I. TOTAL HOMES, INC.**, derives substantial revenues from goods used or consumed or services rendered in the State of New York.

17. At all times mentioned herein, Defendant, **F.C.I. TOTAL HOMES, INC.**, derives substantial revenues from and by way of interstate or international commerce.

18. At all times mentioned herein, Defendant, **F.C.I. TOTAL HOMES, INC.**, was and continues to be an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

19. At all times mentioned herein, Defendant, **F.C.I. TOTAL HOMES, INC.**, was and still is an employer within the meaning of New York State Executive Law §292(5).

20. Defendant **FRANZOSO CONTRACTING, INC.**, was, at all relevant times herein, a domestic corporation duly organized and existing under the laws of the state of New York with its principal place of business located at 33 Croton Point Avenue Croton on Hudson, New York 10520.

21. Defendant, **FRANZOSO CONTRACTING, INC.**, expected or should reasonably have expected its acts and business activities to have consequences within the State of New York.

22. At all times mentioned herein, Defendant, **FRANZOSO CONTRACTING, INC.**, does and/or solicits business within the State of New York.

23. At all times mentioned herein, Defendant, **FRANZOSO CONTRACTING, INC.**, derives substantial revenues from goods used or consumed or services rendered in the State of New York.

24. At all times mentioned herein, Defendant, **FRANZOSO CONTRACTING, INC.**, derives substantial revenues from and by way of interstate or international commerce.

25. At all times mentioned herein, Defendant, **FRANZOSO CONTRACTING, INC.**, was and continues to be an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

26. At all times mentioned herein, Defendant, **FRANZOSO CONTRACTING, INC.**, was and still is an employer within the meaning of New York State Executive Law §292(5).

27. Defendant **MARK FRANZOSO** was, at all relevant times herein, a resident of Westchester County, New York and officer, manager, shareholder, owner, principal or person of responsibility of the Defendants **F.C.I. TOTAL HOMES, INC.** and **FRANZOSO CONTRACTING, INC.**

28. Upon information and belief, Defendant, **MARK FRANZOSO** is the individual who is believed to be the officer, manager, shareholder, owner, principal or person of responsibility of Defendants, **F.C.I. TOTAL HOMES, INC.** and **FRANZOSO CONTRACTING, INC.**, and is responsible for the labor law compliance by Defendants, **F.C.I. TOTAL HOMES, INC.** and **FRANZOSO CONTRACTING, INC.**, as well as, aside from counsel, legal compliance generally.

29. Defendant, **MARK FRANZOSO**, possesses or possessed operational control over Defendants, **F.C.I. TOTAL HOMES, INC.** and **FRANZOSO CONTRACTING, INC.**, an ownership interest in Defendants, **F.C.I. TOTAL HOMES, INC.** and **FRANZOSO CONTRACTING, INC.**, or controlled significant functions of Defendants, **F.C.I. TOTAL HOMES, INC.** and **FRANZOSO CONTRACTING, INC.**

30. Defendant, **MARK FRANZOSO**, determined the wages and compensation of the employees, including Plaintiffs and other similarly situated employees, of Corporate Defendants, **P F.C.I. TOTAL HOMES, INC.** and **FRANZOSO CONTRACTING, INC.**, and established the schedules of their employees, maintained employees' records and had the authority to hire and fire the employees including Plaintiff and the similarly situated Plaintiffs herein.

31. At all times mentioned herein, Defendant, **MARK FRANZOSO**, was and still is an employer within the meaning of New York State Executive Law §292(5).

32. Defendant **MARK FRANZOSO** was, at all relevant times herein, a resident of Westchester County, New York and officer, manager, shareholder, owner, principal or person of responsibility of the Defendants **F.C.I. TOTAL HOMES, INC.** and **FRANZOSO CONTRACTING, INC.**

33. Defendant, **JOHN MANDARA**, as manager and supervisor of **F.C.I. TOTAL HOMES, INC.** and **FRANZOSO CONTRACTING, INC.** also determined the wages and compensation of the employees, including Plaintiff and other similarly situated employees, of Corporate Defendants, **F.C.I. TOTAL HOMES, INC.** and **FRANZOSO CONTRACTING, INC.**, established and enforced the schedules and working hours of their employees, and maintained employees' records.

34. At all times mentioned herein, Defendant, **JOHN MANDARA**, was and still is an employer within the meaning of New York State Executive Law §292(5).

35. The Defendants participated in the day-to-day operations of the business and acted intentionally and maliciously and are "employers" pursuant to the FLSA, 29 U.S.C. §203(d) and regulations promulgated thereunder, 29 C.F.R. §791.2 as well as the New York Labor Law §§ 2 and 651 and the regulations thereunder, and are jointly and severally liable.

36. All of the Defendants are associated and joint employers, since they collectively acted in the interest of each other with respect to all employees including the Plaintiff and other similarly situated employees, paid employees by the same method, and each of the Defendants shared control over all of the employees.

37. All of the Defendants possessed substantial control over Plaintiff's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff, and all similarly situated individuals, referred to herein.

38. The Defendants employed the Plaintiff, and all similarly situated individuals, and thus, they are Plaintiffs' (and all similarly situated employees') employers within the meaning of the New York Labor Law and the FLSA, 29 U.S.C. 201, *et seq*.

39. In the alternative, Defendants constitute a single employer of the Plaintiff and/or similarly situated individuals.

40. Upon information and belief, individual Defendant **MARK FRANZOSO**, owns and operates Defendants, **F.C.I. TOTAL HOMES, INC.** and **FRANZOSO CONTRACTING, INC.**, as either alter egos of themselves and/or fail to operate Defendants, **F.C.I. TOTAL**

**HOMES, INC.** and **FRANZOSO CONTRACTING, INC.**, as a legal entity separate and apart from themselves by, among other things:

(a) Failing to adhere to the corporate formalities necessary to operate Defendants, **F.C.I. TOTAL HOMES, INC.** and **FRANZOSO CONTRACTING, INC.**, as separate and legally distinct entities;

(b) Defectively forming or maintaining Defendants, **F.C.I. TOTAL HOMES, INC.** and **FRANZOSO CONTRACTING, INC.**, by, among other things, failing to hold annual meetings or maintaining appropriate corporate records;

(c) Transferring assets and debts freely as between all Defendants;

(d) Operating Defendants, **F.C.I. TOTAL HOMES, INC.** and **FRANZOSO CONTRACTING, INC.**, for their own benefit as the sole or majority shareholders;

(e) Operating Defendants, **F.C.I. TOTAL HOMES, INC.** and **FRANZOSO CONTRACTING, INC.**, for their own benefit and maintaining control over them as a closed corporation or closely controlled entities;

(f) Intermingling assets and debts of their own with Defendants, **F.C.I. TOTAL HOMES, INC.** and **FRANZOSO CONTRACTING, INC.**;

(g) Diminishing and/or transferring assets of Defendants, **F.C.I. TOTAL HOMES, INC.** and **FRANZOSO CONTRACTING, INC.**, to protect their own interests; and

(h) Other actions evincing a failure to adhere to the corporate form.

41. At all relevant times, the work performed by Plaintiffs and FLSA Collective Plaintiffs were directly essential to the business operated by Defendants.

42. Plaintiff brought claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of himself and all other similarly situated non-exempt employees within the meaning of the FLSA and New York Labor Law, who were currently and formally employed by Defendants on or after the date that is three or six years before the filing of the Complaint in this case as defined herein and under the New York Labor Law §§190 and 650 *et seq.* and "overtime wage order" respectively codified at N.Y.C.R.R. Tit. 12 §§ 141, 142, 143, and §146, including applicable liquidated damages, interest, attorneys' fees and costs ("FLSA Collective Plaintiffs").

43. At all relevant times, the Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them overtime premium at the rate of one and one half times the regular rate for work in excess of forty (40) hours per workweek. The claims of Plaintiff **BORIS LOJA**, stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

44. This collective action class is numerous to the point that joinder of all members is impracticable, and they would not be likely to file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claims.

45. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be

provided to the FLSA Collective Plaintiffs via first class mail to the last addresses known to Defendants.

**STATEMENT OF FACTS**

46. At all relevant times, Defendants have been in the construction, installation, renovation and/ or demolition business with respect to commercial and residential buildings, homes, and structures throughout Westchester and nearby counties.

47. At all relevant times, the Plaintiff, and the similarly situated persons, performed his/ their services for and under the control and direction of the Defendants.

48. In the spring of 2013, Plaintiff, **BORIS LOJA**, interviewed with and was hired by Defendant **MARK FRANZOSO**, who was/is the owner, manager, proprietor, and officer of Defendants **F.C.I. TOTAL HOMES, INC.** and **FRANZOSO CONTRACTING, INC.**, and/or their predecessors, as applicable, to work initially as a laborer and construction assistant. In early 2015, Plaintiff **BORIS LOJA** was promoted by **MARK FRANZOSO** and/or **JOHN MANDARA** to construction worker whereupon he was tasked with construction, demolition, renovation, major repairs, roofing, and other related tasks involving projects in commercial and residential buildings, structures and homes and given a pay raise.

49. From early 2015 through September 26, 2020, Plaintiff, **BORIS LOJA**, was working as a construction worker for Defendants in various locations; from approximately 7:00 a.m. to 4:30 p.m. on weekday and Saturdays. On Sundays, approximately once per month, and sometimes more than once, Plaintiff worked setting up and breaking down home showings, which were used by Defendants to market their services. The home showings took place at various locations, such as the Peekskill Waterfront and the White Plains Community Center, and required Plaintiff to (1) pick up items and materials to be showcased prior to the events, (2)

unload, set them up, assemble them, and arrange them on location for showing, (3) return to the showing-site, break down the materials, and load and secure them for transport, and (4) transport them back and pack them away. This Sunday work generally spanned six to eight hours of activity.

50. Despite working in excess, Plaintiff **BORIS LOJA,** other collective persons similarly situated were only paid for forty (40) hours of work and were never paid overtime rates. Plaintiff and the other collective persons similarly situated were told by Defendants that they were salaried workers. When Plaintiff and the other collective persons similarly situated asked Defendant **MARK FRANZOSO** on numerous occasions if Defendants would pay Plaintiffs at an overtime rate for his weekly hours worked beyond forty (40) they were denied and even told "we don't pay overtime here."

51. From the time of commencement of employment until approximately April of 2019, Plaintiff was paid at a weekly salary equal to $1,150.00 per week for forty (40) hours per week, even though Plaintiff routinely worked more than 60 hours per week.

52. On or about April of 2019, Plaintiff received a raise and was paid a weekly salary equal to $1,320.00. Throughout the entirety of Plaintiff's employment for Defendants, Plaintiff was not paid any overtime premiums for work in excess of forty (40) hours per week, even though Plaintiff routinely worked more than 60 hours per week.

53. At all relevant times from commencement of employment until termination in September of 2020, Plaintiff's wages were not accompanied with paystubs, wage statements, or any form of record showing his hours worked, rates of pay, or any other payment information apart from the gross amount paid, deductions, and net amount paid.

54. Throughout Plaintiff's employment period, Defendants did not provide Plaintiffs with any method to track his time worked.

55. Throughout Plaintiff's employment periods, Plaintiff frequently worked in excess of nine (9) and even ten (10) hours per day.

56. At no point during Plaintiff and the other collective persons' employment did they ever receive a wage notice showing their hourly or overtime rate. When Plaintiff and the other similarly situated persons inquired of Defendant **MARK FRANZOSO**, the owner of the Defendant corporations, about overtime compensation, Plaintiffs were told point blank: "we don't pay overtime here."

57. At all relevant times, the Plaintiff and the Collective Plaintiffs performed their services for and under the control and direction of the Defendants.

58. It is understood that for all relevant periods, the per-week rate of pay was supposed to be payment for forty (40) hours per week.  The Plaintiff and upon information and belief the Collective Plaintiffs, were not paid any overtime premiums for work in excess of forty (40) hours per week.

59. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiffs the New York State overtime rate (of time and one-half) and the FLSA Collective Plaintiffs the FLSA overtime rate (of time and one-half) for work performed in excess of forty (40) hours per week.

60. Plaintiff and the Collective Plaintiffs' work was performed in the normal course of the Defendants' business and was integrated into the business of Defendants.

61. The work performed by Plaintiff and the Collective Plaintiffs required little skill and no capital investment.

62. Upon information and belief, throughout all relevant time periods and during the course of the Plaintiffs' employment and while the Defendants employed the Plaintiff and the Collective Plaintiffs, Defendants failed to post or keep posted a notice explaining the overtime pay rights provided by the FLSA.

63. Upon information and belief, the Defendants **F.C.I. TOTAL HOMES, INC., FRANZOSO CONTRACTING, INC., MARK FRANZOSO**, and **JOHN MANDARA** employ more than thirty (30) persons.

64. References to Plaintiff herein also incorporate and refer to the collective Plaintiffs.

## AS AND FOR A FIRST CAUSE OF ACTION
Violation of the Fair Labor Standards Act (FLSA)

65. Plaintiff realleges and repeats Paragraphs 1 through 64 of this Complaint as if more fully set forth herein.

66. At all relevant times, upon information and belief, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and other non-exempt employees are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

67. At all relevant times, Defendants employed Plaintiff and other non-exempt employees within the meaning of the FLSA.

68. Upon information and belief, at all relevant times, Defendants had gross revenues in excess of $500,000.00.

69. At all relevant times, the Defendants had a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and FLSA Collective Plaintiffs for their hours worked in excess of forty (40) hours per workweek.

70. Defendants failed to pay Plaintiff and FLSA Collective Plaintiffs overtime compensation in the lawful amount for hours worked in excess of the maximum hours provided for in the FLSA.

71. Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs are in the possession and custody of the Defendants.  Plaintiff and FLSA Collective Plaintiffs intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount(s) due.

72. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs at the statutory rate of time and one-half for their hours worked in excess of forty (40) hours per week when Defendants knew or should have known such was due.

73. Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.  No notification, either in the form of posted notices or other means, was ever given to Plaintiff regarding overtime and wages under FLSA.

74. As a direct and proximate result of Defendants' willful disregard of the Plaintiff's and FLSA Collective Plaintiffs' right under FLSA, Plaintiffs are entitled to liquidated damages pursuant to the FLSA.

75. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages, plus an equal amount as liquidated damages.

76. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C §216(b).

**AS AND FOR A SECOND CAUSE OF ACTION**
Violation of the Fair Labor Standards Act (FLSA)

77. Plaintiffs reallege and repeat Paragraphs 1 through 76 of this Complaint as if more fully set forth herein.

78. Defendants failed to post a notice explaining the Fair Labor Standards Act, as prescribed by the United States Department of Labor Wage and Hour Division, codified in 29 CFR 516.4, in conspicuous places in every establishment where their employees were employed so as to permit them to observe readily a copy.

79. Defendants failed to post a notice explaining minimum wage, overtime, and spread of hours provisions under the New York Labor Law, as required by Title 12, Section 142-2.8 and 142-3.9, a notice explaining the employer's policy on sick leave, vacation, personal sick leave, holidays and hours under the New York Labor Law, Article 6, Section 195(5), a notice explaining deduction from wages, and tip appropriation under the New York Labor Law Article 6, Section 198-d in a conspicuous place in their establishment where their employees were employed so as to permit them to observe readily a copy.

80. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA and the regulations thereunder as evidence by their failure to post a notice explaining the Fair Labor Standards Act, as prescribed by the United States Department of Labor Wage and

Hour Division, in conspicuous places in every establishment where their employees were employed so as to permit them to observe readily a copy when Defendants knew or should have known that they were required to post such notice.

81. Defendants knew of and/or showed a willful disregard for the provisions of the New York Labor Law and the regulations thereunder as evidence by their failure to post a notice explaining the New York State Labor Law, as prescribed by the New York State Department of Labor, in conspicuous places in every establishment where their employees were employed so as to permit them to observe readily a copy when Defendants knew or should have known that they were required to post such notice.

82. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA. No notification, either in the form of posted notices or other means, was ever given to Plaintiff and FLSA Collective Plaintiffs regarding minimum wages and overtime under FLSA.

83. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the New York Labor Law. No notification, either in the form of posted notices or other means, was ever given to Plaintiff's and FLSA Collective Plaintiffs regarding minimum wages, overtime, and spread of hours under the New York State Labor Law.

84. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated damages pursuant to the FLSA.

85. As a direct and proximate result of Defendants' willful disregard of the New York Labor Law, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated damages pursuant to the New York State Labor Law.

86. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages, plus an equal amount as liquidated damages.

87. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C §216(b) and/or the New York State Labor Law, Article 6, Section 198.

**AS AND FOR A THIRD CAUSE OF ACTION**
Violation of New York State Labor Law

88. Plaintiff reallege and repeat Paragraphs 1 through 87 of this Complaint as if more fully set forth herein.

89. At all relevant times, Plaintiff was employed by the Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

90. Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours in a workweek.

91. Defendants never provided Plaintiff with written notice of their rate of pay, employer's regular pay day, and such other information as required by New York State Labor Law §195(1).

92. Defendants did not provide Plaintiff, and other similarly situated workers, with an accurate statement of wages with each payment of wages, as required by New York Labor Law §195(3). Defendants failed to provide Plaintiff and others similarly situated with wage statements at the time of payment of wages, containing the dates of work covered for that payment of wages; name of employees; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week,

salary, piece commission, or other gross wages; deductions; allowances, if any claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by New York State Labor Law §195(3).

93. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage statement to Plaintiff and other non-exempt employees, in violation of the New York State Labor Law.

94. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage notice to Plaintiff and other non-exempt employees at the beginning of employment and annually thereafter, in violation of the New York State Labor Law.

95. Due to the Defendants' New York State Labor Law violations, Plaintiff and other non-exempt employees are entitled to recover from Defendants their unpaid overtime, unpaid minimum wages, statutory penalties, damages for unreasonably delayed payments, reasonable attorneys' fees, and costs and disbursements of the action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the Laws of the State of New York as well as the New York Labor Law and the FLSA;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth

herein;

c. An award of unpaid overtime compensation due under the FLSA and the New York Labor Law in an amount to be determined at trial;

d. An award of unpaid minimum wages due under the FLSA and the New York Labor Law in an amount to be determined at trial;

e. An award of liquidated damages as a result of Defendants' willful failure to pay overtime compensation pursuant to the New York Labor Law;

f. An award of liquidated damages in an amount equal to l00% of their damages as a result of Defendants' willful failure to pay overtime compensation and minimum wages pursuant to 29 U.S.C § 216;

g. An award of liquidated as a result of Defendants' willful failure to pay overtime compensation pursuant to the New York Labor Law;

h. An award of punitive damages as a result of Defendants' gross, wanton or willful fraud, dishonesty and malicious wrongdoing;

i. An award or statutory penalties, and prejudgment and post judgment interest;

j. Prejudgment interest on all amounts due;

k. An award of costs that Plaintiff has incurred in this action, including, but not limited to, expert witness fees, as well as Plaintiff's reasonable attorneys' fees and cost to the fullest extent permitted by law; and

l. Such other and further relief as this Court deems just and proper.

## **DEMAND FOR TRIAL BY JURY**

Plaintiff and the Collective Plaintiffs hereby demand a trial by jury on all questions of

fact raised by the Complaint.

Dated: September 6, 2022

                                        Respectfully submitted,

                                        <ins>/Sameer Nath/</ins>
                                        Sameer Nath, Esq.
                                        Sim & DePaola, LLP
                                        42-40 Bell Boulevard, Suite 405
                                        Bayside, New York 11361
                                        Tel:     (718) 281-0400
                                        SNath@SimDepaola.com